1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

11

JEANE HEEKYUNG NOH,

Plaintiff,

12

v.

13

UNITED STATES OF AMERICA et al.,

14

Defendants.

15

CASE NO. 2:25-cv-01483-LK

ORDER DENYING MOTION TO
WAIVE FILING FEE AND APPOINT
COUNSEL

16    This matter comes before the Court on Plaintiff Jeane Heekyung Noh's Motion to Waive

17  Filing Fee and Appoint Pro Bono Counsel. Dkt. No. 6. For the reasons set forth below, the Court

18  denies the motion.

19                                    **I.    BACKGROUND**

20    On August 1, 2025, Ms. Noh filed her proposed pro se complaint, Dkt. No. 1, and

21  subsequently paid the filing fee, *see* August 11, 2025 Docket Entry. In her complaint and its

22  lengthy attachment, she alleges that Defendants—which include the United States and several of

23  its agencies—violated her rights by engaging in "wrongful and harmful surveillance and targeting

24  of Plaintiff." Dkt. No. 5 at 1–2; Dkt. No. 5-1 at 11. She has also named as Defendants the Kittitas

County Sheriff's Office, Kittitas Valley Healthcare, Comprehensive Healthcare, Targeted Justice, and the International Association for Near Death Studies. Dkt. No. 5-1 at 11–12. She asserts 39 claims, including claims under 42 U.S.C. § 1983 and the Federal Tort Claims Act. *Id.* at 3–7.

On August 12, 2025, Ms. Noh filed this motion for "[w]aiver of the $405 filing fee under the Court's equitable authority" and appointment of pro bono counsel. Dkt. No. 6 at 1. No Defendant has appeared yet, and there is no proof of service in the record.

## II.    DISCUSSION

### A.    The Court Denies the Request to Waive the Filing Fee

Ms. Noh requests that the Court waive the filing fee she has already paid, *see* August 11, 2025 Docket Entry, because she paid the filing fee in another case,[1] which was later dismissed "solely for failure to exhaust administrative remedies—a procedural requirement Plaintiff has now satisfied," Dkt. No. 6 at 1. She also states that she is unemployed and has limited financial resources. *Id.* at 1–2.

District courts generally lack authority to waive pro se plaintiffs' filing fees after they have been paid because there is no statutory basis for returning a filing fee. *See generally* 28 U.S.C. § 1914; *Duclairon v. LGBTQ Cmty. & Grace Cmty. Church Klan*, No. 3:18-CV-01095-AC, 2018 WL 5085754, at *1 (D. Or. Oct. 17, 2018). Nor is there a basis to excuse payment of the filing fee just because a plaintiff paid the fee in another case.

However, there is a mechanism to waive the filing fee for indigent litigants: a plaintiff may initiate a civil action in the district court without paying the filing fee if that person "submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Here, Ms. Noh filed a motion to

---

[1] Ms. Noh voluntarily dismissed that prior case so she could first exhaust her administrative remedies. *See Noh v. United States of Am.*, No. 2:24-cv-02086-TL, Dkt. Nos. 13–14 (W.D. Wash.).

ORDER DENYING MOTION TO WAIVE FILING FEE AND APPOINT COUNSEL - 2

1   proceed in forma pauperis ("IFP"), Dkt. No. 1-1, but after she was notified that her application

2   was deficient, Dkt. No. 3, she chose to pay the filing fee rather than correct that deficiency, *see*

3   August 11, 2025 Docket Entry. Given the unique circumstances of this case, if Ms. Noh submits a

4   successful IFP application, the Court will retroactively grant her IFP status and direct the Clerk of

5   Court to issue a refund for the full amount of her filing fee. *See*

6   https://www.wawd.uscourts.gov/sites/wawd/files/IFPApplication.pdf (IFP application on court

7   website); *see also* United States District Court for the Western District of Washington, Pro Se

8   Guide to Filing Your Lawsuit in Federal Court at 14,

9   https://www.wawd.uscourts.gov/sites/wawd/files/ProSeGuidetoFilingYourLawsuitinFederalCour

10  t.pdf (describing IPF application). If Ms. Noh wishes to receive a refund of her filing fee, she must

11  file a properly completed IFP application within 21 days of the date of this Order.

12  **B.    The Court Denies the Request for Court-Appointed Counsel**

13          Ms. Noh asks the Court to appoint her counsel under 28 U.S.C. § 1915(e)(1). Dkt. No. 6 at

14  2. She contends that she is unable to afford counsel, the case is complex—as it "[w]ill involve

15  complex evidentiary issues regarding surveillance technology"—and she is experiencing stress

16  related to self-representation "while enduring ongoing surveillance[.]" *Id.* In the alternative, she

17  requests appointment of counsel "at reduced rates[.]" *Id.* at 3.

18          "Unlike in criminal cases that implicate the Sixth Amendment right to counsel, civil

19  litigants who cannot afford counsel are not constitutionally guaranteed the appointment of a

20  lawyer." *Adir Int'l, LLC v. Starr Indem. & Liab. Co.*, 994 F.3d 1032, 1039 (9th Cir. 2021). This is

21  true even for Section 1983 actions. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). And

22  while 28 U.S.C. § 1915(e)(1) vests the Court with discretion to "request" appointment of counsel

23  for litigants proceeding in forma pauperis in "exceptional circumstances," *Agyeman v. Corr. Corp.*

24  *of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004), that statute is inapplicable here because Ms. Noh paid

the filing fee, *see Neitzke v. Williams*, 490 U.S. 319, 324 (1989) ("The federal in forma pauperis statute, enacted in 1892 and presently codified as 28 U.S.C. § 1915, is designed to ensure that indigent litigants have meaningful access to the federal courts."); *Hanks v. City of Shoreline*, No. 21-CV-00600-LK, 2022 WL 168518, at *1 (W.D. Wash. Jan. 18, 2022) (explaining that Section 1915(e)(1) does not apply to pro se plaintiffs who pay the filing fee).

Even if Section 1915(e)(1) were applicable to this case, "the statute does not actually authorize the court to force a lawyer to take a case." *Sifuentes v. Nautilus, Inc.*, No. C21-5613-JLR, 2022 WL 1014963, at *1 (W.D. Wash. Apr. 5, 2022) ("Nor does the court have staff attorneys standing by to represent pro se litigants."). Under the statute, "the court may only 'request' that an attorney represent an indigent litigant." *Id.* (quoting 28 U.S.C. § 1915(e)(1)); s*ee also Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 307 (1989) (Section 1915(e) does not authorize compulsory appointments). Under the same reasoning, the Court cannot force counsel to represent Ms. Noh at a reduced rate.

Nor has Ms. Noh shown exceptional circumstances warranting the appointment of counsel. To determine if exceptional circumstances exist, courts must evaluate (1) "the likelihood of success on the merits" and (2) "the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Here, the Court cannot conclude on the undeveloped record and Ms. Noh's complaint that her claims are likely to succeed. *See, e.g.*, *Sam v. Renton Sch. Dist.*, No. C21-1363-RSM, 2021 WL 4952187, at *1 (W.D. Wash. Oct. 25, 2021) ("The Court cannot conclude on this thin record whether these claims have a strong likelihood of success on the merits."). The issues do not appear so complicated that Ms. Noh will be unable to articulate her claims pro se, and this motion shows that she is able to express her requests for relief. In addition, Ms. Noh does not identify any efforts

1    she has made to obtain counsel on her own. Accordingly, Ms. Noh has not shown that she is

2    entitled to the appointment of counsel at this time, and the Court denies this request.[2]

3                              **III.   CONCLUSION**

4           For the foregoing reasons, the Court DENIES Ms. Noh's Motion to Waive Filing Fee and

5    Appoint Pro Bono Counsel. Dkt. No. 6.

6           Dated this 15th day of September, 2025.

7

8                                                    Lauren King
                                                     United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21    _____

22    [2] Ms. Noh also brings a claim under Title VII of the Civil Rights Act. Dkt. No. 5-1 at 6. However, she does not allege
      that she had an employment relationship with any Defendant, so for that reason and the reasons set forth above, she
      has not shown that she is entitled to appointment of counsel under Title VII, either. *See* 42 U.S.C. § 2000e-5(f)(1)

23    (permitting courts to appoint counsel for Title VII plaintiffs); *see also Bradshaw v. Zoological Soc'y of San Diego*,
      662 F.2d 1301, 1318 (9th Cir. 1981) (setting forth standards for courts to consider with respect to appointment of
      counsel in employment discrimination cases, including the applicant's financial resources, efforts the applicant has

24    already made to secure counsel, and whether the claim has merit).