UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JEANE HEEKYUNG NOH,

                Plaintiff,

    v.

UNITED STATES OF AMERICA et al.,

                Defendants.

CASE NO. 2:25-cv-01483-LK

ORDER OF DISMISSAL

This matter comes before the Court on four pending motions: (1) Defendant the United States of America's motion to dismiss, Dkt. No. 33; (2) Defendant Kittitas Valley Healthcare's motion to dismiss, Dkt. No. 35[1]; (3) Plaintiff Jeane Heekyung Noh's motion for additional time to serve Defendant Kittitas County, Dkt. No. 38; and (4) Noh's motion for entry of default against Defendant Comprehensive Healthcare, Dkt. No. 45.  For the reasons set forth below, the Court grants the United States' motion to dismiss, dismisses this matter for lack of subject matter jurisdiction, and denies the remaining motions as moot.

---

[1] Kittitas Valley Healthcare moves to dismiss based on "failure to submit a tort claim before commencement of this action; (2) failure to effect service of process on Defendant; and (3) failure to state a claim[.]" *Id.* at 1.

ORDER OF DISMISSAL - 1

## I.    BACKGROUND

On August 1, 2025, Ms. Noh filed her proposed pro se complaint, Dkt. No. 1, and subsequently paid the filing fee, *see* August 11, 2025 Docket Entry. The Court dismissed the complaint for lack of subject matter jurisdiction and granted Ms. Noh leave to amend some of her claims. Dkt. No. 15 at 5–10.

Ms. Noh subsequently filed an amended complaint. Dkt. No. 21. Her form amended complaint, Dkt. No. 21, and her typed amended complaint, Dkt. No. 21-1, include different Defendants. The form names as Defendants four federal agencies: the Federal Bureau of Investigation ("FBI"), the Department of Justice ("DOJ"), the Central Intelligence Agency ("CIA"), and the National Security Administration ("NSA"). Dkt. No. 21 at 2–3. The form also includes the United States of America as a defendant in the caption. *Id.* at 1. Ms. Noh's typed amended complaint names as Defendants Kittitas County; "John Doe Federal Agents (FBI, CIA, NSA, ODNI, DOJ, DHS, DOD) — Unnamed federal agents acting under color of federal law whose identities will be confirmed through discovery"; Kittitas Valley Healthcare ("KVH"); the International Association for Near-Death Studies ("IANDS"); and Targeted Justice. Dkt. No. 21-1 at 3–4. The Court assumes all of these are Defendants. Ms. Noh asserts that this Court has jurisdiction under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *Id.* at 2.

Ms. Noh's allegations of conspiracies and government surveillance largely repeat the allegations in her original complaint. *Compare* Dkt. No. 5-1 at 11–32, *with* Dkt. No. 21-1 at 6–20. She alleges that beginning in 2011, while she was in college, the federal government began surveilling her and targeting her with "'voice-to-skull' (V2K) auditory harassment and numerous other inexplicable occurrences that [she] initially attributed to the supernatural." Dkt. No. 21-1 at 6–7. According to Ms. Noh, she has been subjected to "[s]urveillance and torture" through various

ORDER OF DISMISSAL - 2

methods including "nanotechnology, electrical stimulation, microwave and acoustic devices, and directed-energy weapons deployed to monitor and manipulate [her] body and environment." *Id.* at 7. She reported the conduct to the FBI, other federal agencies and officials, and the Kittitas County Sheriff's Office, but they have not assisted her. *Id.* at 7–9.

Ms. Noh alleges that this harassment and torture is on-going, and federal undercover agents "are responsible for the daily deployment of surveillance nanotechnology and directed-energy weapons against [her]," including engaging in "bodily intrusion, involuntary manipulation of physical functions, and repeated assaults that have caused serious, some permanent injuries[.]" *Id.* at 4. Ms. Noh further contends that Kittitas County employees have colluded with her medical care providers "in furtherance of the targeting campaign" and in an attempt to have her involuntarily committed. *Id.* at 2–3, 9. Based on these allegations, Ms. Noh asserts the following claims:

- a Fourth Amendment claim against "Kittitas County (through deputies)," KVH, Comprehensive Healthcare, and "federal officials" on the theory that they all "acted jointly to attempt unlawful seizure, involuntary hospitalization, and covert surveillance." *Id.* at 2.

- a First Amendment claim based on "Retaliation and Suppression of Petitioning (§ 1983 and Bivens)," against Kittitas County, KVH, Comprehensive Healthcare, IANDS, Targeted Justice, and "federal officials." *Id.* Ms. Noh avers that these Defendants "retaliated against [her] protected speech and petitioning activity through false charges, disinformation, and directed-energy attacks." *Id.*

- a Fourteenth Amendment claim alleging that Defendants Kittitas County, KVH, and Comprehensive Healthcare "deprived [her] of liberty and bodily autonomy through attempted involuntary commitment and medical manipulation." *Id.* at 3.

ORDER OF DISMISSAL - 3

- a Fifth Amendment *Bivens* claim asserting that "Federal actors imposed punishment without trial, coordinated false accusations, and obstructed medical care." *Id.*

- an Eighth Amendment claim for cruel and unusual punishment against "Federal officials," Kittitas County, KVH, Comprehensive Healthcare, IANDS, and Targeted Justice for "jointly subject[ing her] to torture, bodily intrusion, and retaliatory harm absent lawful conviction." *Id.*

- a civil conspiracy claim "(§ 1983 and Bivens)" against Kittitas County, KVH, Comprehensive Healthcare, IANDS, Targeted Justice, and "federal officials" based on a theory that they "acted in concert to surveil, harass, intimidate, and retaliate against [her], depriving her of constitutional rights." *Id.*

- a "Monell Liability" claim against Kittitas County on the theory that "Deputies acted pursuant to a policy or custom of collaborating with healthcare providers to suppress [her] testimony and discredit her reports." *Id.*

She seeks declaratory and injunctive relief, compensatory and punitive relief, and "[s]uch other relief as the Court deems just and proper." *Id.* at 27.

## II.   DISCUSSION

**A.   Subject Matter Jurisdiction**

Federal courts are courts of limited jurisdiction, and they "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). This means that the Court can only hear certain types of cases, *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 437–38 (2019), including those that present a federal question "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331. The Court must dismiss the action if it "determines at any time that it lacks subject-matter jurisdiction" over a case. Fed. R. Civ. P. 12(h)(3). The party asserting jurisdiction has the burden of establishing it.

*See United States v. Orr Water Ditch Co.*, 600 F.3d 1152, 1157 (9th Cir. 2010). "Absent a substantial federal question," a district court lacks subject matter jurisdiction, and claims that are "wholly insubstantial" or "obviously frivolous" are insufficient to "raise a substantial federal question for jurisdictional purposes." *Shapiro v. McManus*, 577 U.S. 39, 45–46 (2015); *see also Bell v. Hood*, 327 U.S. 678, 682–83 (1946). In addition, the "mere mention of 42 U.S.C. § 1983 and particular constitutional provisions does not establish jurisdiction where the complaint on its face discloses the absence of an essential element of such a claim." *Taylor v. Lai*, No. C13-1425-JLR, 2013 WL 6000068, at *3 (W.D. Wash. Nov. 12, 2013) (citation omitted).

**B.      Noh's Claims Against the United States Do Not Establish Subject Matter Jurisdiction**

The United States argues that Ms. Noh's claims against all federal defendants should be dismissed for lack of subject matter jurisdiction. Dkt. No. 33 at 3. The United States contends that Ms. Noh's "allegations of a years-long government conspiracy to surveil, distress, and discredit her are too insubstantial to support jurisdiction," and that "the *Bivens* claims she tries to assert are foreclosed by binding precedent regardless." *Id.* at 3–4. The United States also requests that the Court dismiss the amended complaint with prejudice "because at this point Noh has demonstrated that there is no conceivable further amendment that would allow her to state a plausible claim based on the fantastical conspiracies she alleges here." *Id.* at 4. Ms. Noh has not responded to the United States' motion to dismiss, which the Court construes as an admission that it has merit. *See* LCR 7(b)(2). Regardless of that admission, the Court has "an independent obligation to determine whether subject-matter jurisdiction exists[.]" *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

Ms. Noh has asserted several of her claims against unnamed "federal officials" without identifying any specific federal government employee. Dkt. No. 21-1 at 2–3. Such "Doe pleading" is "not favored." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Moreover, her general pleading against all "federal agents and operatives" collectively, Dkt. No. 21-1 at 4, constitutes

ORDER OF DISMISSAL - 5

improper "shotgun pleading" because it is "conclusory and vague" and "asserts multiple claims against multiple defendants without identifying who did what." *Gibson v. City of Portland*, 165 F.4th 1265, 1291 (9th Cir. 2026).

The problems with Ms. Noh's amended complaint extend beyond pleading deficiencies. "[F]ederal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly unsubstantial, or no longer open to discussion." *Hagans v. Lavine*, 415 U.S. 528, 537 (1974) (citation modified). That is, "[u]nder the substantiality doctrine, the district court lacks subject matter jurisdiction when the question presented is too insubstantial to consider." *Smith-Bey v. Hamlin*, No. 23-55788, 2025 WL 671115, at *1 (9th Cir. Mar. 3, 2025) (quoting *Cook v. Peter Kiewit Sons Co.*, 775 F.2d 1030, 1035 (9th Cir. 1985)); *see also Shapiro*, 577 U.S. at 44–45. Accordingly, the Court must dismiss Ms. Noh's complaint for lack of subject matter jurisdiction if she raises only "wholly insubstantial" federal claims. *See* Fed. R. Civ. P. 12(h)(3).

Other courts have dismissed allegations like Ms. Noh's government conspiracy and surveillance theories as too insubstantial to confer subject matter jurisdiction. *See, e.g.*, *Zeiny v. United States*, No. 17-cv-07023-HRL, 2018 WL 1367389, at *1, 3 (N.D. Cal. Mar. 16, 2018) (dismissing under the substantiality doctrine claims that the CIA retaliated against plaintiff by implanting transmitters in his ears), *aff'd*, No. 18-15634, 2018 WL 3407714 (9th Cir. June 26, 2018); *Feng v. Tripp*, No. 24-cv-07539-JST, 2025 WL 1616638, at *1–2 (N.D. Cal. June 6, 2025) (dismissing under the substantiality doctrine claims that the FBI stalked plaintiff, "falsified medical records to make her seem delusional," and "sho[t] radiation into her eyes, throat, abdomen, and kidneys"); *Ticktin v. CIA*, No. CV 08-998-PHX-MHM, 2009 WL 976517, at *4 (D. Ariz. Apr. 9, 2009) (collecting cases and explaining that allegations of government targeting and harassment "are the type of insubstantial and frivolous conspiracy theory claims that are routinely dismissed

ORDER OF DISMISSAL - 6

under the substantiality doctrine pursuant to Fed. R. Civ. P. 12(b)(1)"); *see also Detar v. United States Gov't*, 174 F. Supp. 3d 566, 567–78, 570 (D.D.C. 2016) (dismissing claim under substantiality doctrine where plaintiff alleged government implanted electrical device in his body and tried to frame him as mentally ill). Here too, the substantiality doctrine forecloses Ms. Noh's far-fetched claims against federal government actors.

**C.    Noh's Section 1983 Claim Does Not Establish Subject Matter Jurisdiction**

"Section 1983 provides a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). To establish liability under Section 1983, "a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012) (quoting *Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1149 (9th Cir. 2011)); *see also Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred" (citation modified)).

A local government entity "may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). That is, "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Id.* at 691. Instead, to state a *Monell* claim against a municipality under § 1983, a plaintiff must demonstrate that an "official policy, custom, or pattern" of the government entity was "the actionable cause of the claimed injury." *Tsao*, 698 F.3d at 1143 (quoting *Harper v. City of Los Angeles*, 533 F.3d 1010, 1022, 1026 (9th Cir. 2008)). "In particular, municipalities may be liable under § 1983 for constitutional injuries pursuant to (1) an official policy; (2) a pervasive practice or custom; (3) a failure to train, supervise, or discipline; or (4) a decision or act by a final

ORDER OF DISMISSAL - 7

policymaker." *Williams v. City of Sparks*, 112 F.4th 635, 646 (9th Cir. 2024) (quoting *Horton ex rel. Horton v. City of Santa Maria*, 915 F.3d 592, 602–03 (9th Cir. 2019)). "A plaintiff must show deliberate action attributable to the municipality that directly caused a deprivation of federal rights." *Id.* (citation modified).

Ms. Noh contends that Kittitas County violated her Fourth Amendment rights through an unlawful seizure, her First Amendment rights by retaliating against her for "petitioning," and her Fourteenth Amendment rights to due process. Dkt. No. 21-1 at 2–3. Her First Amendment claim seems to be based on her allegation that after she filed a claim for damages against Kittitas County on November 26, 2024, the Kittitas County Prosecutor's Office "filed a false reporting charge against [her] on December 5, 2024[.]" *Id.* at 10.

Ms. Noh also contends that KCSO Sergeant Corbett "discussed with a nurse the use of nanotechnology on Plaintiff" when he escorted her to the hospital in September 2024. *Id.* at 9. She further alleges that Sergeant Corbett accepted a false report from Ms. Noh's neighbor about her and warned her about a possible future arrest. *Id.* According to Ms. Noh, local and federal law enforcement officials colluded with medical personnel "in furtherance of the targeting campaign." *Id.* Ms. Noh also avers that on September 10, 2024, "after [she] made a 9-1-1 call to report directed-energy attacks, KCSO deputies Joe Tirey and Logan Garcia attempted to forcibly remove Plaintiff from her home and commit her to a mental ward without lawful process[.]" *Id.* at 10.

Ms. Noh alleges that Kittitas County Deputies "acted pursuant to a policy or custom of collaborating with healthcare providers to suppress [her] testimony and discredit her reports." *Id.* at 3. However, she does not identify any such policy or custom, and "random acts or isolated events [are] insufficient to establish custom," *Navarro v. Block*, 72 F.3d 712, 714 (9th Cir. 1995); *see also Oyenik v. Corizon Health, Inc.*, 696 F. App'x. 792, 794 (9th Cir. 2017) (noting that "one or two incidents are insufficient to establish a custom or policy"). Nor does Ms. Noh explain how such a

ORDER OF DISMISSAL - 8

policy or custom—if one did exist—was the "moving force" behind her alleged constitutional violations. *Monell*, 436 U.S. at 694. Ms. Noh has therefore failed to state a claim against Kittitas County under Section 1983.

Finally, Ms. Noh's amended complaint does not establish subject matter jurisdiction over her constitutional claims against the private entities—KVH, Comprehensive Healthcare, IANDS, and Targeted Justice—because she has not plausibly alleged that those entities were acting under color of state law for purposes of a Section 1983 claim. *See West v. Atkins*, 487 U.S. 42, 48 (1988) (a plaintiff must allege that the alleged constitutional violation was committed by a person acting under the color of state law). Ms. Noh only alleges in very conclusory terms that the private entities were acting "under color of law." Dkt. No. 21-1 at 2; *see also id.* at 22 ("Defendants, acting under color of law, conducted or facilitated unreasonable searches of Plaintiff's person, home, and effects through covert technological means, including surveillance nanotechnology and directed-energy monitoring, along with regular physical trespasses into her home while Plaintiff was away."). Accordingly, her insubstantial Section 1983 claim does not establish subject matter jurisdiction. *See, e.g.*, *Taylor*, 2013 WL 6000068, at *3.

## D.    The Court Denies Further Leave to Amend

The Court is mindful that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corrs.*, 66 F.3d 245, 248 (9th Cir. 1995). While courts liberally provide pro se plaintiffs leave to amend, *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990) (courts have a "duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements"), that is not limitless. Denying leave to amend is appropriate when the plaintiff fails to correct the deficiencies outlined

by the district court in dismissing her original complaint. *Gimbel v. California*, 308 F. App'x 123, 124 (9th Cir. 2009); *see also Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996) ("The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." (citation modified)).

Here, Ms. Noh has failed to cure the deficiencies explained by the Court when dismissing her original complaint. *See* Dkt. No. 15. Further leave to amend may be denied due to "repeated failure to cure deficiencies by amendments previously allowed[.]" *Foman v. Davis*, 371 U.S. 178, 182 (1962). In addition, Ms. Noh has not explained what further amendments she would make if given the chance. *See, e.g.*, *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051–52 (9th Cir. 2008) (concluding that amendment would be futile where plaintiffs already filed an amended complaint containing the same defects as their original complaint and failed to state what additional facts they would plead if given leave to amend). Therefore, the Court does not grant her further leave to amend.

## III.   CONCLUSION

For the foregoing reasons, the Court GRANTS the United States' motion to dismiss, Dkt. No. 33, DISMISSES this case without prejudice for lack of subject matter jurisdiction, and DENIES the remaining motions as moot, Dkt. Nos. 35, 38, 45.

Dated this 23rd day of April, 2026.

Lauren King
United States District Judge

ORDER OF DISMISSAL - 10